**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HERMAN WILLIAMS, JR.,
Plaintiff-Appellant,

v.

DR. BALOCH; DR. HENRY; MR.
MARTIN,
Defendants-Appellees,

No. 97-6787

and

JOHN DOE, various unidentified
defendants at Odom Correctional
and Brown Creek Correctional,
Defendant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-576-5-BO)

Submitted: November 18, 1997

Decided: December 22, 1997

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Vacated and remanded with instructions by unpublished per curiam
opinion.

_____

**COUNSEL**

Herman Williams, Jr., Appellant Pro Se. Sharon Coull Wilson, Asso-
ciate Attorney General, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Herman Williams, a North Carolina prisoner, appeals the district court's grant of summary judgment dismissing his medical malpractice claim. Appellant filed a medical malpractice action in federal court against various North Carolina prison medical personnel pursuant to 28 U.S.C.A. § 1332 (West 1993 & Supp. 1997). Although Appellant invoked federal jurisdiction over his state law claim pursuant to § 1332, the district court treated his claim as a civil rights action under 42 U.S.C.A. § 1983 (West 1997). Because the district court failed to make a determination whether Appellant properly invoked federal jurisdiction pursuant to § 1332, we vacate and remand.

District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C.A. § 1332(a)(1) (West 1993 & Supp. 1997). Appellant alleges that he was domiciled in Texas prior to his incarceration in North Carolina and thus is a citizen of Texas for diversity purposes. Defendants, citizens of North Carolina, have put forth no evidence disputing Appellant's allegation that Texas was his pre-incarceration domicile, but deny the existence of diversity jurisdiction based on Appellant's status as a North Carolina prisoner. The district court also apparently believed that Appellant's incarceration in North Carolina precluded him from showing diversity. However, courts have held that because domicile is a voluntary status, a prisoner may have as his domicile a state other than the state where he is imprisoned. See Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991). Accordingly, we vacate the district court order granting Defendants' motion for summary judgment and remand for a determination on Appellant's domicile and for the district court to take further action as its findings warrant. In light of this disposition, Appellant's motions for a default judgment and for a transcript at the govern-

2

ment's expense are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED WITH INSTRUCTIONS

3